(No. 5143—

MARTIN J. MCMAHON, d/b/a MCMAHON PRODUCE COMPANY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion re liability filed January 11, 1966.*

*Opinion re damages filed May 29, 1969.*

THOMAS AND THOMAS, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

Dove, J.

The claim of Martin J. McMahon, d/b/a McMahon Produce Company, was filed in this Court on January 27, 1964 seeking an award of $83,275.10 (later reduced by amendment to $25,000.00) for damages to a warehouse, equipment, inventory, produce and office furnishings, which were caused by a fire purportedly started as a result of the negligence of the employees of respondent.

The case is submitted to this Court only on the question of liability, claimant and respondent having filed a joint motion for separate trials on the issues of liability and damages, which motion was heretofore granted by the Court. At the hearing held before the Commissioner, the only testimony taken was that of claimant's witnesses.

The case arises out of a fire, which occurred in Rockford, Illinois on January 14, 1963. Claimant, owner of a produce and beverage business, was the lessee of a portion of a building located at 340 Tinker Street in Rockford, and used it as an office and warehouse.

The Department of Public Aid of the State of Illinois also leased a portion of the same building for use as a surplus food storage and distribution depot. The uncontroverted evidence establishes that the fire started in that portion of the building occupied and controlled by respondent; that at the time the fire started in respondent's portion of the building the only persons present were two Illinois Public Aid employees, namely Irving Pollitt and

Virgil August Schoenweiss; that both Pollitt and Schoen-weiss had been drinking intoxicating liquor on the job that day for several hours prior to the fire; and, that Pollitt was in fact drunk at the time of the fire, and for several hours prior thereto; that Pollitt was alone in the office in an intoxicated condition for at least thirty minutes prior to the fire, while Schoenweiss was on the second floor of respondent's portion of the building.

The evidence further establishes that in the office on the first floor of respondent's portion of the building a gas operated space heater and an automatic electric coffee pot, were being used immediately prior to the fire; that the heater had no automatic shutoff, but had to be turned on and off with pliers; that after the fire the heater was dug up by firemen, and the on-and-off value was found in a full "on" position; and, that the fire originated in the small office where the space heater was located.

The evidence further discloses that the wiring in this portion of the building was faulty and dangerous. When the dock lights were turned on, the fuse would blow, and the employees would then re-set the fuse control, and turn the lights on again until they stayed on without blowing a fuse.

Claimant has not been able to prove the proximate cause of the fire, but, in our opinion, he does not have to do so in this case, as the evidence fully supports the fact that claimant has made a prima facie case for recovery on the basis of the application of the doctrine of res ipsa loquitur, and liability is thereby established against respondent. There is no evidence of contributory negligence on the part of claimant. (*Edmonds* vs. *Heil,* 333

Ill. App. 497; *Metz* vs. *Central Ill. Electric and Gas Co.,* 32 Ill. 2d 446.)

The doctrine of res ipsa loquitur is succinctly stated in 38 Am. Jur. 989, Sec. 295:

"The conclusion to be drawn from the cases as to what constitutes the rule of res ipsa loquitur is that proof that the thing, which caused the injury to the plaintiff, was under the control and management of the defendant, and that the occurrence was such as in the ordinary course of things would not happen if those who had its control or management used proper care, affords sufficient evidence, or, as sometimes stated by the court, reasonable evidence, in the absence of an explanation by the defendant, that the injury arose from or was caused by the defendant's want of care."

In this case, respondent has offered no evidence or explanation as to how this fire started. It is unrebutted that respondent was in control of that portion of the building where the fire started. Our Court has heretofore held in the case of *Mertel* vs. *State of Illinois,* 20 C.C.R. 287, that:

"The doctrine of res ipsa loquitur is grounded upon the principle of law that where one has charge or management of a thing in connection with which an accident happens, which in the ordinary course of things does not happen if those who have the management thereof use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of proper care. The fact of this occurrence, therefore, will be deemed to afford prima facie evidence to support recovery in absence of any explanation by the defendant attempting to show that the occurrence was not due to its want of care. There was no explanation in the record of how the accident happened, nor was there any evidence of any negligence on behalf of the claimant. There being no rebuttal to the prima facie case made by the claimant, the facts are sufficient to support an award to claimant." (Westerfield vs. State of Illinois, 18 C.C.R. at 186.)

Similarly, this Court allowed recovery for damages incurred to a house and its contents caused by a tow target, which fell from a National Guard airplane, and the Court found no evidence in the record sufficient to rebut the presumption or inference of negligence raised by the application of the doctrine of res ipsa loquitur. (*Northwestern National Insurance Company,* Et Al., vs.

*State of Illinois,* 24 C.C.R. 261). This Court likewise cited with approval therein the case of *Mertel* vs. *State of Illinois,* 21 C.C.R. 558, which was also a case of application of the doctrine of res ipsa loquitur. The reasoning of those cases is applicable to the case at bar.

The issue of liability is, therefore, resolved against respondent and in favor of claimant, Martin J. McMahon, d/b/a McMahon Produce Company, and a further hearing will be had solely on the question of damages.

### Opinion Re Damages

Claimant filed his claim with this Court on January 27, 1964, seeking an award of $83,275.10, which was later reduced by amendment to $25,000.00, for damages to equipment, inventory, office furniture, and loss of profits, caused by a fire purportedly started as a result of the negligence of the employees of respondent, State of Illinois.

The issue of liability was resolved in favor of claimant by opinion of this Court filed January 11, 1966. Testimony on the issue of damages was taken in the City of Rockford, Illinois on May 12, 1967. The only witnesses were claimant, James R. Zant, an individual engaged in the office supply business, and Loren Towne, an individual engaged in the refrigeration and air conditioning business.

Claimant's evidence discloses that the following items were destroyed by the fire:

A. OFFICE FURNISHINGS. Claimant initially alleged that the value of the office furnishings destroyed was $4,394.50. Claimant's witness, James R. Zant, manager of an office equipment and supply store, testified that in his opinion the office furnishings destroyed in the fire had a fair market value of $670.00. Mr. Zant

gave no opinion as to the value of certain items of office equipment. However, there is testimony of claimant indicating that their value amounted to at least $230.00, thereby making the total fair market value of office furnishings and equipment destroyed by the fire $1,000.00.

B. WAREHOUSE EQUIPMENT. Under this category claimant lists refrigeration equipment destroyed at $18,000.00, and miscellaneous items totaling $3,460.00. Claimant testified that his figures were based on his estimate as to what it would cost to replace the items lost. Loren Towne, one of the owners and operators of Miller Engineering Company, testified on behalf of claimant that he had been in the refrigeration and air conditioning business for 15 years, and had serviced claimant's equipment for 10 years. Loren Towne further testified that the value of the refrigeration equipment lost in the fire was $14,000.00, and miscellaneous equipment valued at $600.00.

C. UPSTAIRS STORAGE. There is evidence in the record that the value of 75 banana boxes and 50 banana drums destroyed in the fire was $450.00.

D. WAREHOUSE STORAGE. In this category, there is evidence in the record, which establishes the following damages:

```
Canfield Beverages ..................... $2,350.00
Loss of Profit on the same ...............    695.00
Canfield Empty Bottles ..................    150.00
Graf beverages and miscellaneous beverages 3,023.50
Loss of profit on Graf and
     miscellaneous beverages ............. 1,209.40
```

E. COOLER. The evidence is that the wholesale cost of the items in the cooler destroyed in the fire was $300.00, with a loss of profits of $100.00. There is also evidence that the beverage truck destroyed by the fire

should be valued at $1,200.00, and that the accounts receivable, which were not collectable by reason of the fact that all of the records were destroyed, amounted to approximately $2,500.00.

F. LOSS OF BUSINESS. This is the final category of damages. Claimant testified that as a result of the fire he was put out of business. He testified that his past profits amounted to approximately $800.00 net per month. There was ample testimony that before the fire he had an established business in wholesale beverages and produce, and that because of the fire he was not able to resume that business. There was testimony bearing on the reasonable certainty that profits would have been made, orders received before and after the fire, output capacity of the business before the fire, output capacity of the business after the fire, and claimant's inability to relocate.

In the opinion of this Court there is ample testimony in the record to make an award for loss of business.

While some of the evidence introduced by claimant with respect to the value of items destroyed in the fire appears somewhat uncertain, it is the opinion of this Court that such evidence is not so uncertain, contingent, or speculative as to bar a recovery. It is the opinion of this Court that claimant has established by competent evidence the extent of damages suffered, and has established the amount of damages with a reasonable degree of certainty. Considering all of the elements of the case and the various categories of damage, which claimant has suffered, it is the opinion of this Court that claimant has sustained a loss in excess of $25,000.00.

483

An award is hereby made to claimant in the amount of $25,000.00.